UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

G & G CLOSED CIRCUIT EVENTS, LLC,

    Plaintiff,

v.

JESUS SEGURA,

    Defendant.

No. C 20-07576 WHA

**ORDER GRANTING DEFAULT JUDGMENT**

## INTROUDCTION

Plaintiff brings this action against defendant restaurant owner for unlawfully intercepting and broadcasting a boxing match for which plaintiff owned exclusive distribution rights. Default has been entered against defendant, and plaintiff now moves for default judgment. For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## STATEMENT

Plaintiff G & G Closed Circuit Events, LLC, a commercial distributor and licensor of closed-circuit sports and entertainment programming, owned the rights to the Saul Alvarez v. Sergey Kovalev Championship Fight Program, telecasted nationwide on November 2, 2019. Plaintiff sublicensed the program — which included the main event, the undercard bouts, and

inter-match commentary — to various commercial entities (bars and restaurants) throughout California. Defendant Jesus Segura owns and operates La Selva Taqueria at 1049 23rd Street, Richmond, California 94804. The complaint alleges Segura, who did not acquire a sublicense from plaintiff, unlawfully intercepted and exhibited the program at his restaurant (Compl. ¶¶ 7, 15-16, 20).

Plaintiff filed this action in October 2020, and personally served defendant in January 2021. Plaintiff alleged violations of 47 U.S.C. §§ 553 and 605, conversion, and California Business and Professions Code Section 17200 (Compl.; Dkt. No. 12). Segura has failed to answer the complaint by the required deadline and has not presently appeared. Accordingly, the clerk entered defendant against defendant in February 2021 (Dkt. No. 17). Plaintiff now moves for default judgment and seeks to recover damages under Section 605 (or, in the alternative, Section 553), and conversion. Plaintiff seeks $29,600: $4,200 in statutory damages and $24,000 in enhanced damages for violations of Section 605 (or Section 553), and $1,400 in damages for conversion. Plaintiff's motion also asserts the right to recover costs and attorney's fees (Br. 14). Oral argument was held telephonically due to the COVID-19 epidemic on July 22; neither defendant nor any representative for defendant appeared despite being served notice of the hearing.

**ANALYSIS**

A court has discretion to grant default judgment against a party that fails to plead or otherwise defend against a claim for relief. *See* FRCP 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Before ruling on default judgment, a court must determine whether it has proper subject-matter and personal jurisdiction over the action, as well as the adequacy of service of process. *See SEC. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007); *In re Tuli,* 172 F.3d 707, 712–13 (9th Cir. 1999). Upon satisfying the jurisdictional elements, a court then considers the seven *Eitel* factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of

1  Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72
2  (9th Cir. 1986). All factual allegations, except those for damages, are taken as true. *See*
3  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Nevertheless,
4  "necessary facts not contained in the pleadings, and claims which are legally insufficient, are
5  not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir.
6  1992). Furthermore, a defendant "is not held to admit facts that are not well-pleaded or to
7  admit conclusions of law." *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).

   **1.   JURISDICTION.**

   District courts have subject-matter jurisdiction over civil actions arising under federal law. 28 U.S.C § 1331. Supplemental jurisdiction extends to all other claims related to a civil action if (1) a district court has proper subject-matter jurisdiction and (2) if those additional claims form part of the same case or controversy. *Id.* at § 1367. Plaintiff here asserts federal claims under the Communications Act of 1934 and the Cable & Television Consumer Protection and Competition Act of 1992, and supplemental jurisdiction covers the state law claims.

   A district court may exercise personal jurisdiction over an individual who is voluntarily in the forum state and receives personal service of process. Cal. Civ. Proc. Code § 410.10; *Burnham v. Sup.Ct.*, 495 U.S. 604, 612, 628 (1990). Plaintiff has met this requirement by personally serving defendant while he was at La Selva (Dkt. No. 12). Venue is also appropriate here.

   **2.   *EITEL* FACTORS.**

   With the threshold jurisdictional requirements satisfied, this order now applies the *Eitel* factors, and finds that they support default judgment on two of plaintiff's claims.

   The first factor, prejudice to plaintiff, and the seventh factor, the policy favoring decisions on the merits, both support their opposing positions and largely cancel each other out. Plaintiff would be prejudiced if left without a remedy given defendant's failure to appear or otherwise defend this action, but this order finds the prejudice, if not viewed in the (theoretical) aggregate, relatively minor given that this is a routine, targeted action for

3

moderate monetary relief.  *See J & J Sports Prods., Inc. v. Concepcion*, No.  C 10-05092 WHA, 2011 WL 2220101 (N.D. Cal. June 7, 2011).  There is an obvious policy preferring decisions on the merits in federal court, and actions such as this one are targeted to avoid actual litigation.  Considering the first and seventh factor in the aggregate, these two factors are neutral.

The sum of money at stake, the fourth *Eitel* factor, is moderate, which generally favors plaintiff.  Plaintiff seeks $29,600, certainly not a pittance, but restrained in comparison to the defendant's potential exposure from the claims alleged in the complaint.  However, even a $29,600 award could dramatically impact small businesses like Segura's taqueria appears to be. The fourth factor thus moderately favors plaintiff.

The fifth factor (possibility of a material factual dispute) is neutral.  Defendant has not answered the complaint or otherwise defended against this action, so the possibility of a dispute is unknown.  The sixth factor (default due to excusable neglect) favors plaintiff.  Plaintiff filed this action in October 2020, defendant was personally served, and this is the fourth default judgment sought against defendant.

Lastly, this order considers the second and third *Eitel* factors together because examining the merits of a substantive claim and the sufficiency of a complaint share the same requirement, *i.e.*, stating a claim "on which the plaintiff may recover."  *See Kloepping v. Fireman's Fund*, 1996 WL 75314 at *2 (N.D. Cal. 1996) (Judge Thelton E. Henderson) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir.1978)).  Plaintiff properly states a claim for Section 553 and conversion, but not for Section 605.

To state a claim under either 47 U.S.C. §§ 553 or 605, a plaintiff must demonstrate a proprietary interest in a program that the defendant unlawfully intercepted.  Section 553 prohibits unauthorized intercepting or receiving or assisting in intercepting or receiving any communications service offered over a cable system, while Section 605, in relevant part, prohibits the unlawful interception of radio communications.  In other words, Section 553 prohibits intercepting a cable signal, and — after Congress amended the statute in the 1980s — Section 605 prohibits the unauthorized reception or interception of a satellite television

transmission. *See DirecTV, Inc. v. Webb*, 545 F.3d 837, 843 (9th Cir. 2008). A defendant thus cannot violate both statutes through a single act of interception. *Cf. Kingvision Pay–Per–View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 349 n. 1 (9th Cir. 1999). The other noteworthy difference between the two provisions concerns damages: in contrast with Section 553, Section 605 provides a higher minimum damages award and mandates an attorney's fees award.

Plaintiff sufficiently states it has an exclusive program license and that defendant unlawfully intercepted and exhibited the program at his restaurant La Selva Taqueria. As is common for these types of complaints, however, the pleading omits any details clarifying whether the type of communication intercepted was a satellite transmission or a cable signal. Plaintiff contends that, unlike in previous default judgments actions (including before the undersigned), the complaint here "has cured the earlier deficiency and does allege that Defendant intercepted, received and/or published a satellite transmission, such that the Court may properly find liability under 47 U.S.C. § 605" (Br. 5). The brief then cites two portions of the complaint as support:

> 19. The *Program* originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies to Plaintiff's sub-licensees.
>
> …
>
> 23. Title 47 U.S.C. § 605(a) prohibits the unauthorized interception, receipt, publication and use of communications, including satellite television signals, such as the transmission of the program . . . .

Neither of these allegations, taken as true, specify whether Segura intercepted a satellite transmission or a cable signal. They merely assert that a satellite uplink was involved at some point in distributing the program, which is inapposite here. Plaintiff relies on artful pleading because it cannot explicitly allege Segura intercepted a satellite transmission, hence the inclusion of the Section 553 claim. Given the mandatory attorney's fees and higher damages threshold, applying Section 605 rather than Section 553 increases the risk of a material factual dispute (*Eitel* step five), changing the default judgment calculus. Plaintiff has stated a claim

5

1  for which it can recover for the unlawful interception of its program.  But plaintiff has not
2  provided sufficient evidence ruling out that the communication intercepted was a cable
3  transmission (as opposed to a satellite transmission).  When assessing which scenario is more
4  likely, where plaintiff does not allege seeing a satellite dish, and given that Section 605 sets out
5  harsher penalties, liability is more appropriately analyzed under Section 553.  *See Concepcion*,
6  2011 WL 2220101, at *4.  Accordingly, this order finds that plaintiff has not adequately stated
7  a claim under Section 605 but has sufficiently stated a claim under Section 553.

Plaintiff has also properly stated a claim for relief for conversion, the measure of damages determined by California Civil Code § 3336.  The elements for conversion in California are:  (1) ownership or right to possession of property; (2) wrongful disposition of the property right; and (3) damages.  *See Bank of N.Y. v. Fremont Gen. Corp.*, 523 F.3d 902, 914 (9th Cir. 2008).  Plaintiff claims ownership of the nationwide distribution rights of the program, the wrongful interception of the program by defendants, and damages (Compl. ¶¶ 33–36).

In sum, the *Eitel* factors weigh in favor of entering default judgment against defendants for plaintiff's Section 553 and conversion claims, but not for its Section 605 claim.

### 3. RELIEF REQUESTED.

Under Section 553, a plaintiff is entitled to damages of no less than $250, but no more than $10,000.  Enhanced damages of up to $50,000 may be awarded if the conduct was "committed willfully and for the purposes of commercial advantage or financial gain."  47 U.S.C. § 553(c)(3)(B).  Plaintiff requests:  $4,200 in actual damages and $24,000 in enhanced damages pursuant to Section 605 (analyzed below pursuant to Section 553); $1,400 in damages from the conversion claim; and the opportunity to submit attorney's fees and costs.  A plaintiff is required to prove all damages sought in the complaint.  *TeleVideo*, 826 F.2d at 917–18.  Additionally, no relief sought may be different in kind, or exceed in amount, that which is demanded in the pleadings.  *See* FRCP 54(c).

To prove up damages, plaintiff submitted the declaration of John Poblete, a private investigator who visited La Selva on the day of the fight and observed the alleged unlawful

United States District Court
Northern District of California

display. During his twelve minutes of observation, Mr. Poblete reported 33 to 42 people at any given time inside the restaurant, which was equipped with a seventy-inch projection screen and twenty-four-inch tabletop television. Mr. Poblete states that the Esparaza/Estrada bout had just concluded, with inter-fight commentary filling time before the next match. The photos of the restaurant attached to his declaration, however, do not show the televisions he described (Poblete Decl).

This order pauses here to note that neither Mr. Poblete's written description nor the photographs he provided of the restaurant provide any information regarding the method of interception employed by defendant, such as the presence of a satellite dish or cable box — indicating that, even if plaintiff included Mr. Poblete's investigation in its pleadings, Section 605 would still not be the appropriate standard for liability.

For evidence of damages for conversion, plaintiff explains that a license fee for an establishment comparable to La Selva would have cost $1,400 (Br. 14; Plaintiff Decl Exh. 2, Dkt. No. 21-2). In sum, plaintiff, despite some missing details, has sufficiently demonstrated damages should be awarded.

To determine the appropriate scope of damages under Section 553, this order draws from two sources — the three previous orders granting default judgment awards against defendant and three recent default judgments awarded to plaintiff in our district.

*First*, this action marks the fourth time default judgment has been sought against defendant. The previous default judgments provided relief as follows:

- In *J & J Sports Prods., Inc. v. Sergura* (*Segura I*), No. C 12-01702 JSW, 2014 WL 1618577 (N.D. Cal. Apr. 21, 2014), Judge Jeffrey White awarded plaintiff $1,200 in statutory damages and $2,400 in enhanced damages pursuant to Section 553. Plaintiff did not request attorney's fees.

- In *J & J Sports Prods., Inc. v. Segura Cervantes* (*Segura II*), No. C 14-03954 JSW, Dkt. No. 22 (N.D. Cal. Apr. 17, 2015), Judge Jeffrey White awarded plaintiff $3,000 in statutory damages ($2,200 per the licensing fee and $800 to deter future acts) and $6,000 in enhanced damages pursuant to Section 553. Attorney's fees were not awarded.

- In *J & J Sports Prods., Inc. v. Segura* (*Segura III*), No. C 17-05335 YGR (KAW), Dkt. No. 38 (N.D. Cal. May 31, 2018),

7

>Judge Yvonne Gonzalez Rogers awarded $5,400 in statutory damages (3x the licensing fee) and $12,000 in enhanced damages pursuant to Section 605, and awarded attorney's fees and costs.

The damages levied against defendant in prior actions average out to $3,200 in statutory damages and $6,800 in enhanced damages.[1]

*Second*, plaintiff is a common litigant in our district and has been granted three default judgment awards similar to the instant request over the past two years. Recognizing the inherent fact that relief varies according to the facts of the case, this order considers these well-reasoned orders granting plaintiff default judgment:

- In *G & G Closed Circuit Events, LLC v. Zapata*, No. C 18-01103 EJD, Dkt. No. 47 (N.D. Cal. Aug. 19, 2019), Judge Edward Davila awarded plaintiff $3,200 in statutory damages and no enhanced damages pursuant to Section 605, and granted attorney's fees and costs.

- In *G & G Closed Circuit Events, LLC v. Miller*, No. C 20-03545 SVK, Dkt. No. 31 (N.D. Cal. Jan. 5, 2021), Magistrate Judge Susan van Keulen awarded plaintiff $800 in statutory damages and no enhanced damages pursuant to Section 553, and permitted plaintiff to submit evidence regarding attorney's fees.

- In *G & G Closed Circuit Events, LLC v. Macias*, No. C 20-02916 BLF, 2021 WL 2037955 (N.D. Cal. May 21, 2021), Judge Beth Freeman awarded plaintiff $875 in statutory damages and $1,750 in enhanced damages pursuant to Section 553, and permitted plaintiff to submit evidence regarding attorney's fees.

The math for these three recent actions breaks down to an average of $1,625 in statutory damages and $583.33 in enhanced damages.

Considering these six cases as indicative of the contemporary state of the law for the instant motion, this order deems an appropriate measure for statutory damages under Section 553(c)(3)(A)(ii) to be the cost of a sublicense for the telecast, and accordingly **AWARDS** $1,400 to plaintiff — the cost of a sublicense for a restaurant with comparable capacity to La Selva (Br. 14; Gagliardi Decl. Exh. 2). This order declines to apply a multiplier to the statutory

---

[1] This order agrees with plaintiff that, although the defendant is referred to by slightly different names in each of these decisions, in context, each action concerns our defendant (Br. 9 n. 4).

1  damages award, instead addressing factors warranting a multiplier in an analysis of enhanced

2  damages.

3  An award of enhanced damages requires willful infringement for commercial gain.

1 damages award, instead addressing factors warranting a multiplier in an analysis of enhanced damages.

An award of enhanced damages requires willful infringement for commercial gain. The three previous default judgment awards entered against defendant belie any realistic doubt that defendant's infringement fails this requirement. However, Plaintiff admits that many of the hallmark factors for enhanced damages (cover charges, increase food prices, advertising) are missing (Br. 12). Other factors, such as number of patrons (33 to 42 people in the restaurant) and televisions used (a seventy-inch projection screen and twenty-four-inch tabletop television), provide some moderate support for plaintiff's position (Poblete Decl. 1). Plaintiff's primary argument for enhanced damages, however, is that defendant's "significant piracy history" warrants imposing enhanced damages with sufficient deterrent effect (Br. 12–13). This order accordingly **AWARDS** $2,800 in enhanced damages, twice the amount of the sublicense, to impose a sufficient deterrent. This order finds any award beyond this amount would be excessive.

Plaintiff also seeks an award pursuant to its conversion claim. As stated, the sublicense fee for a commercial entity of La Selva's capacity would have been $1,400. Plaintiff's request is appropriate, and this order accordingly **AWARDS** $1,400 in damages for conversion.

Lastly, plaintiff requests attorney's fees and costs pursuant to Section 553(c)(2) and requests the opportunity to submit evidence in support of its request. This request to supply requisite evidence is **GRANTED**.

## CONCLUSION

To the extent stated above, plaintiff's default judgment motion pursuant to its claims for conversion and Section 553 is **Granted.**

Plaintiff's default judgment motion pursuant to Section 605 is **DENIED**.

Plaintiff is **AWARDED** $5,600 in damages ($1,400 in Section 553 statutory damages, $2,800 in Section 553 enhanced damages, and $1,400 in conversion damages).

9

Plaintiff **SHALL** file a properly supported request for reasonable attorney's fees within **FOURTEEN DAYS** of the filing of this order.

**IT IS SO ORDERED.**

Dated: July 26, 2021



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE